# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-011V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |  |
|---|---|---|
|  | \* |  |
| KATHLEEN BERRETT *as Personal* | \* | Special Master Corcoran |
| *Representative of the Estate of* C.B., *deceased*, | \* |  |
|  | \* |  |
|  | \* |  |
| Petitioner, | \* | Filed: March 1, 2019 |
|  | \* |  |
| v. | \* | Decision; Attorney's Fees and Costs. |
|  | \* |  |
|  | \* |  |
| SECRETARY OF HEALTH AND | \* |  |
| HUMAN SERVICES, | \* |  |
|  | \* |  |
| Respondent. | \* |  |
|  | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Camille M. Collett*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL ATTORNEY'S FEES AND COSTS[1]

On January 4, 2016, C.B. filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Kathleen Berrett appeared later in the action as personal representative of C.B.'s estate after his death. Petitioner alleged that C.B. suffered from transverse myelitis ("TM") as a result of his February 1, 2014, receipt of the human papillomavirus ("HPV")

---

[1] Although this Decision has not been designated for publication, it will nevertheless be posted on the United States Court of Federal Claims' website, and in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

vaccine. Petition (ECF No. 1) at 1. Following the filing of medical records and expert reports, I set this matter for hearing on June 25-26, 2018. ECF No. 31. Eleven days prior to the hearing, on June 14, 2018, the parties informed me they had reached a tentative settlement agreement, and requested a 15-Week Order. ECF No. 47. The hearing was canceled. *Id.* Thereafter, the parties submitted a stipulation for damages on November 2, 2018 (ECF No. 54), which I adopted by decision that same day. ECF No. 55.

Petitioner has now filed a motion requesting final attorney's fees and costs. *See* Motion for Attorney's Fees, dated Jan. 18, 2019 (ECF No. 60) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $96,573.51 (representing $72,556.60 in attorney's fees, plus $19,878.04 in attorney costs, plus $4,138.87 in costs personally incurred by Petitioner). *Id.* at 1-2. The attorney's fees requested were incurred between August 2014 and January of this year (at which time the present fees motion was prepared). *See generally* Tab A to Fees App at 1-38. In addition, the total costs requested include the usual litigation-associated costs (copying, filing, and mailing, totaling $1,503.04), plus an expert review by Dr. Yuval Shafrir (totaling $18,375.00). *Id.* at 36-37; *see also* Tab B to Fees App. at 27-28. In accordance with General Order No. 9, Petitioner indicated that her expenses totaled $4,138.87. *See* General Order No. 9, dated Jan. 18, 2019 (ECF No. 61). Petitioner's personal costs included additional medical record requests, travel costs, and fees related to estate matters. *See generally* Tab C to Fees App. at 1-13.

Respondent filed a document reacting to the fees request on February 1, 2019, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. *See* Response, dated Feb. 1, 2019 (ECF No. 62) at 2, 4.

Vaccine Program attorneys are entitled to a fees award in successful cases. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349,

times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-
48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves
adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,*
515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases
where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37
(1983).

Petitioner's fee application includes attorney billing records that indicate that the work
performed in this case has been divided among several Homer Firm attorneys—Mr. Pepper, Ms.
Ciampolillo, Ms. Daniels, and Mr. Homer—plus some Homer Firm paralegals and law clerks. *See
generally* Tab A to Fees App. Petitioner's fees application requests compensation for the Homer
Firm, in the total sum of $72,556.60, for work performed from August 2014 to January 2019, at
hourly rates of $290-$331 for Mr. Pepper,[4] $300-342 for Ms. Ciampolillo, $280-$294 for Ms.
Daniels, $400-$421 for Mr. Homer, $145-$152 for law clerks, and $135-$142 for the paralegals.
Tab A to Fees App. at 38. Petitioner also seeks to recover a total of $24,016.91 (totaling $19,878.04
in attorney costs and $4,138.87 in personal costs incurred by Petitioner) including document
collection, photocopying/mailing costs, travel expenses, and estate costs.

I have determined in prior cases that the Homer Firm is entitled to forum rates, and I find
herein as well that the hourly rates requested are reasonable, and in accordance with the Vaccine
Program forum-rate guidelines. *See, e.g.*, *Emerson v. Sec'y of Health & Human Servs.*, No. 15-
042V, slip op. (Fed. Cl. Spec. Mstr. May 30, 2018); *Reese v. Sec'y of Health and Human Servs.*,
No. 16-1117, 2018 WL 2225591, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2018); *Stepp v. Sec'y of Health
& Human Servs.*, No. 14-851V, 2018 WL 793426, at *1 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Barrett
v. Sec'y of Health & Human Servs.*, No. 09-389, 2014 WL 2505689, at *8 (Fed. Cl. Spec. Mstr.
May 13, 2014). The majority of the rates requested in this case are equivalent to those awarded to
counsel in my previous decisions. The above-noted requested rates are also consistent with the
Office of Special Masters Guidelines.[5]

I will, however, make an adjustment to Mr. Pepper's 2018 and 2019 rates. As noted above,
Mr. Pepper has requested a rate of $331 for 2018-2019. However, recent persuasive fees decisions
set his 2018 rate at $305 per hour. *See, e.g.*, *Zerbey v. Sec'y of Health & Human Servs.*, No. 16-
1514V, 2018 WL 3991225, at *2 (Fed. Cl. Spec. Mstr. June 25, 2018). I adopt the reasoning of

(citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir.
1999)).

[4] Specifically, Mr. Pepper requests $290 per hour for 2015-2016, $297 per hour for 2017, and $331 per hour for 2018-
2019.

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.gov/node/2914 (last
accessed on Feb. 27, 2019).

such decisions for Mr. Pepper's 2018 rate. His 2019 rate will also be reduced to $315 per hour consistent with the 2019 hourly rate chart set forth by the Office of Special Masters and the producer price index for the office of lawyers ("PPI-OL").[6]  This represents a total reduction of $1,190.20.[7] Apart from the above, based on my overall review of the timesheets submitted, it appears the tasks performed on the case to date were reasonable. Thus, I will award the remainder of the time billed to the matter by the Homer Firm.

As noted above, Petitioner also requests costs associated with the above-captioned matter (totaling $19,878.04). The bulk of this amount ($18,375.00) reflects the cost of expert review by Dr. Yuval Shafrir for 52.2 hours of work, performed at a rate of $350 per hour. *See* Tab B to Fees App. at 28. The remainder of the costs requested by counsel represent ordinary Vaccine Program litigation costs (including the filing fee, medical records requests, and postage costs). Tab A to Fees App. at 36; Tab C to Fees App. at 1-13.

Upon my review of the billing record, the costs expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Dr. Shafrir's rate is also consistent with that awarded to him in past Program decisions. *See, e.g.*, *Cunningham v. Sec'y of Health & Human Servs.*, No. 13-483V, 2017 WL 4323145 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); *Whitney v. Sec'y of Health & Human Servs.*, No. 10-809V, 2016 WL 4494199 (Fed. Cl. Spec. Mstr. July 27, 2016). I find the hours billed by Dr. Shafrir to be reasonable as well.

Finally, Petitioner requests $4,138.87 in personal costs associated with the this matter. *See* Tab C to Fees App. at 1-13. The receipts filed in Tab C reveal costs associated with additional medical records requests, airfare for two flights to Washington, DC,[8] and costs associated with establishing Petitioner's representative capacity following C.B.'s death. *Id.* Of note, counsel did not explain how the above-noted expenses were necessarily incurred by Petitioner. Counsel's fee

---

[6]   *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Feb. 28, 2019). The Office of Special Masters currently favors using the producer price index for the office of lawyers ("PPI-OL") to measure for inflation. Mr. Pepper's PPI-OL inflated rate for 2019 was calculated by multiplying his 2018 hourly rate ($305) by the PPI-OL index for January 2018 (214.6), and then dividing by the PPI-OL index for January 2017 (207.7). Here, the PPI-OL calculation for Mr. Pepper's 2019 increased rate results in roughly $315, an amount substantially less that he has requested herein ($331). Thus, the rate will be adjusted as noted above to $315 per hour for 2019.

[7] The billing record reveals that Mr. Pepper completed 45.1 hours of work in 2018 and 1.1 hours of work in 2019. At the new rates, he is awarded $13,755.50 for 2018 (45.1 x $305) and $346.50 for 2019 (1.1 x $315).

[8] Petitioner and her husband were scheduled to testify at the entitlement hearing set in this matter prior to its cancelation in mid-June 2018. Presumably, they purchased airfare in late May 2018 to facilitate their travel (which, as noted earlier, was canceled eleven days prior). Although counsel did not explain why these two tickets were included in Petitioner's reimbursement request, it appears they were likely nonrefundable (i.e. booked as basic economy fare). It is thus reasonable to award this cost as failure to do so would be a detriment to Petitioner.

application simply includes the copies of Petitioner's receipts and the amount incurred, without further explanation. *See generally* Fees App. at 2; General Order No. 9. Despite the above, I find the incurred expenses to be properly expended, and will award them, as they appear to be reasonably related to the case. In the future, however, counsel must make sure to explain facially questionable costs or they will be disallowed.


## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT IN PART** Petitioner's Motion for Final Attorney's Fees and Costs, and award a total of **$91,244.44** (representing $71,366.40 in attorney's fees, plus $19,878.04 in costs), in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald C. Homer, Esq. In addition, a separate check payable solely to Petitioner in the amount of **$4,138.87** shall also be issued. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[9]

   **IT IS SO ORDERED.**

                                        /s/ Brian H. Corcoran
                                           Brian H. Corcoran
                                           Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.